[No. 4415.]

EDWARD McNAMARA AND MINNIE McNAMARA v. THE NORTH PACIFIC RAILROAD COMPANY, J. B. LOW AND A. K. GRIM.

QUESTIONS OF FACT FOR A JURY.—In an action for personal injuries alleged to have been sustained by reason of the negligence of the defendant, the presence or absence of negligence on the part of the defendant, and of contributory negligence on the part of the plaintiff, are questions of fact for the jury, in view of all the circumstances proved.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

The plaintiffs alleged in their complaint that they were husband and wife, and the defendants were engaged in constructing a railroad in Marin County, and negligently and carelessly left small copper cartridges containing an explosive compound near the plaintiffs' residence, which were picked up by the plaintiffs' children, and that while the wife was taking one of the cartridges from the children it exploded, lacerating her hand and causing her pain, etc. Damages were claimed.

The testimony tended to show that defendant Grim was a contractor engaged in building a railroad for the railroad company, and was at work near the plaintiffs' house; that, Saturday evening, his foreman placed some kegs of powder and a box of giant caps behind some bushes on the grounds of the railroad company, not far from a well from which the plaintiffs obtained water; that, Sunday morning, Mrs. McNamara, accompanied by her boy, six years old, and little girl about four years old, went to the well to draw water, and while she was thus engaged the boy found and took some of the caps from the box; that his mother told him they would burn, and directed him to replace them, which he did, and they returned to the house; that, shortly after, the mother heard the children making a noise and found that the boy had several of the caps; that the boy placed one of the caps in water and was about to strike it with a stick when the mother took it from him, and at the same time it exploded, injuring her hand so as to necessitate amputation of a thumb and finger.

The court instructed the jury:

"If the jury believe, from the testimony, that the defendant, the North Pacific Coast Railroad Company, was engaged in the construction of a railroad at the time of the alleged injury, and that the injury occurred on the line of such road, from, by or through materials of an explosive or dangerous character, which it or its agents or employees were using in the construction of said road, and that they,

or those employed by them, had placed them on such work, knew the location of plaintiffs' residence, and that the plaintiffs had children of from three to six years of age who were in the habit of playing around and about said residence and the works of said defendants, then and there in that case, they, the defendants, were bound to place said explosive compounds in some safe place inaccessible to said children; otherwise, if the jury believe said children ascertained where said explosive compounds were, and obtained possession of any portion thereof, then their mother, one of the plaintiffs, would be justified in taking the same from said children; and if she did so in a prudent manner, and injury resulted therefrom, then in that case they should find for the plaintiffs.

"If the jury believe, from the evidence, that the plaintiffs resided on the line of the railroad being constructed, with their children, and that said children were of tender years, in the habit of going out upon the line of said road in the vicinity of plaintiffs' residence, and that it was known to the defendants or their employees, then it was their duty to have placed said explosive compounds in some safe place, and inaccessible to said children.

"I instruct the jury that it was not carelessness, nor evidence of carelessness on her part, to take from the child the explosive material, although she herself may have known that it was of a dangerous character. The act of taking it from the child, under the circumstances, would not go to establish carelessness in that respect. There must be carelessness in some other respect before she could be charged with carelessness."

The defendants excepted to the instructions. The jury found a verdict against the defendant Grim, and he appealed from the judgment and from an order denying a new trial.

*Eastman & Neuman and W. W. Crane,* for the Appellants.

These instructions substantially tell the jury that the defendant, upon his own premises, should have so placed the giant powder caps, that it was *impossible* for the children to get at them. In other words, that defendant should have

exercised an extraordinary and more than usual care of his own property upon his own premises, because, by possibility, children might come there, and might handle the property and be hurt.

The only question left to the jury was, whether the caps were accessible or inaccessible to the children; and as the evidence shows that the children found the caps, and they were therefore accessible, there was consequently nothing for the jury to do but to find for the plaintiff.

It is obvious that if the caps had been inaccessible, the injury could not have taken place. The whole question of negligence, on the part of defendant, was taken from the jury. (Sherman & Redf. on Neg., Secs. 587, 590.)

The court says to the jury, in substance, that it was not carelessness, "or evidence of carelessness," for the plaintiff to take the giant powder cap from the child, although she knew it was dangerous. This charge, thus given, took away from the jury the consideration of the question of care or negligence on the part of the plaintiff as to that fact, and told them that, as matter of law, she could not be guilty of negligence as to that act, though she might be as to every other. This, we submit, was plainly usurping the province of the jury. It was charging as to matters of fact. (Constitution of California, Art. VI, Sec. 17; *People* v. *Ybarra,* 17 Cal. 170; *Battersby* v. *Abbott,* 9 Cal. 565; *Pico* v. *Stevens,* 18 Cal. 376.) .

*Quint & Edgerton,* for the Respondent.

It was the duty of Grim to use the utmost precaution against access to the caps by the children. (*Johnson* v. *Hudson River R. R. Co.,* 20 N. Y. 67.)

In view of the dangerous character of the materials in question, of their proximity to the plaintiffs' residence, of the fact that the children were in the habit of playing about the premises where they were deposited, and of the knowledge of all these circumstances on the part of the defendant and his employees, the utmost possible degree of care and prudence was demanded of the latter so to keep the materials, while on the premises, that children of such tender

age could not get at and handle them, and thus expose themselves to accident. And this is all that that part of the instructions excepted to by the defendant amounts to.

By the COURT:

The presence or absence of negligence on the part of defendant and of contributory negligence on the part of plaintiff, were questions of *fact* to be passed on by the jury in view of all the circumstances proved.

These questions were practically taken from the jury by the instructions of the court, and we must, therefore, reverse the order denying a new trial. (*Perry* v. *S. P. R. R. Co.*, ante, p. 578.)

Judgment and order reversed, and cause remanded.